UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERENCE E. PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1170 RLW |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

I.   **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 11)**

Plaintiff filed his motion for leave to file an amended complaint on October 22, 2021. (ECF No. 11). Procedurally, Plaintiff did not need to seek leave of Court to file an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may file an amended complaint once as a matter of course (*i.e.*, without leave of Court) within 21 days after service of a defendant's responsive pleading. Defendant filed its responsive pleading on October 18, 2021. (ECF No. 8), and therefore Plaintiff has the right to file an amended complaint as a matter of course, and without leave, until the expiration of the 21-day time period of Rule 15(a)(1)(B). *See Phillips v. Gordon*, No. 1:20-CV-00057-JAR, 2020 WL 6822636, at *1 (E.D. Mo. Nov. 20, 2020).

Plaintiff filed his proposed Amended Complaint as part of his Motion for Leave, instead of filing it as an attachment to his Motion. Therefore, the Court orders Plaintiff to file his Amended Complaint as a separate document **no later than January 12, 2022**. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless*

*Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"); *Phillips*, 2020 WL 6822636, at *1. Failure to file Plaintiff's Amended Complaint by January 12, 2022 may result in a forfeiture of his right to file an Amended Complaint.

    **II.    MOTIONS FOR THE COURT TO TAKE JUDICIAL NOTICE (ECF Nos. 12, 18, 22)**

The Court may take judicial notice of certain facts, when appropriate. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Carroll v. Luebe*, No. 8:21-CV-33, 2021 WL 3287285, at *1 (D. Neb. July 30, 2021). But the Court may take judicial notice only of facts that (1) are generally known in the Court's jurisdiction; and (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice should not be taken unless the facts are matters of common knowledge or capable of certain verification. *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014). If there is any doubt about a particular fact, then judicial notice should not be taken. *See Brown v. Piper*, 91 U.S. 37, 43 (1875). The Court denies Plaintiff's motions to take judicial notice because they are not appropriate under the circumstances of this case.

    **A.  Motion to Take Judicial Notice (ECF No. 12)**

Plaintiff asks the Court to take Judicial Notice of the 1945 Constitution State of Missouri, Preamble Article I Bill of Rights.  (ECF No. 12).  Plaintiff has not identified any nexus between this legal document and the facts of this case.  Therefore, the Court finds that it is inappropriate to take judicial notice and denies Plaintiff's Motion (ECF No. 12).

    **B.  Motion to Take Judicial Notice (ECF No. 18)**

Plaintiff asks this Court to take judicial notice of *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964). (ECF No. 18). Plaintiff does not explain why this Federal District Court in the State of Missouri should take notice of an almost sixty-year-old opinion from the Eastern District of Pennsylvania. The Court finds no basis for taking judicial notice of the *Trinsey* opinion and denies Plaintiff's Motion (ECF No. 18).

### C. Motion to Take Judicial Notice (ECF No. 22)

Plaintiff asks the Court to take Judicial Notice to "Rule 220 Birth Certificates". It is unclear the rule to which Plaintiff is referring.[1] Given the uncertainly of the rule to which Plaintiff refers and its relevance to this case, the Court denies Plaintiff's Motion to Take Judicial Notice (ECF No. 22).

### III. MOTION NOT TO ALLOW RULE 502 D OR CLAWBACK ORDER (ECF No. 21)

Plaintiff filed a Motion Not to Allow Rule 502 D or Clawback Order (ECF No. 21). Fed. R. Evid. 502(d) provides: "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Here, Plaintiff does not provide any legal argument as to why the Court should now allow clawback orders in this case. The Court further notes that clawback orders are routinely entered, including as part of case management orders, in this Court. Finally, the Court notes that any attempt to not allow a clawback order is premature, given that there has been no request for a clawback of a discovery production has been

---

[1] Plaintiff may be referring to a Minnesota state court rule, which has no bearing in this jurisdiction. *See* https://www.revisor.mn.gov/court_rules/gp/id/220/ (last visited 12/31/2021).

made.  For all these reasons, the Court denies Plaintiff's Motion Not to Allow Rule 502 D or Clawback Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 11) is **GRANTED**.  Plaintiff shall file his Amended Complaint as a separate document **no later than January 12, 2022.  Failure to file Plaintiff's Amended Complaint by this date may result in a forfeiture of his right to file an Amended Complaint.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to Take Judicial Notice (ECF Nos. 12, 18, and 22) are **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion Not to Allow Rule 502 D Clawback Order (ECF No. 21) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of January, 2022.