**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TERENCE E. PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21CV1170 RLW |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 35). This matter is fully briefed and ready for disposition. The Court will dismiss Plaintiff's Complaint for failure to state a claim.

**BACKGROUND[1]**

On or around April 23, 2021, Plaintiff Terence Porter ("Porter") filed a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15, U.S.C. § 1692, et seq., for $5,000, plus court costs, against Defendant Portfolio Recovery Associates, LLC ("Portfolio") in St. Louis County Small Claims Court. (ECF No. 4). Portfolio was served with the Summons and Petition on September 1, 2021. (ECF No. 1, ¶ 7). On September 30, 2021, Portfolio removed this action to this Court. (ECF No. 1; 28 U.S.C. §§ 1331, 1441(a)). On October 22, 2021, Porter filed a Motion for Leave to Amend his Complaint. (ECF No. 11). The Court held a Rule 16

---

[1] When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and construes all reasonable inferences in favor of the nonmoving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp., supra,* at 555 – 556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Conference on November 17, 2021. (ECF No. 23). The parties also participated in an unsuccessful early neutral evaluation on December 23, 2021. (ECF No. 29).

On January 3, 2022, the Court granted Porter's Motion for Leave to File an Amended Complaint, and ordered Porter to file his Amended Complaint no later than January 12, 2022. (ECF No. 31). The Court expressly warned Porter that his Amended Complaint would become the operative complaint and any facts or claims not realleged would be deemed abandoned. (*Id.*) On January 12, 2022, Porter filed his Amended Complaint (ECF No. 32), which is the subject of Portfolio's Motion to Dismiss.

On January 26, 2022, Portfolio filed its Motion to Dismiss. (ECF No. 35). On February 22, 2022, the Court issued a Show Cause Order, requiring Porter to respond to Portfolio's Motion to Dismiss or the Court would rule on the unopposed Motion. (ECF No. 38). On February 23, 2022, Porter filed an "Affidavit of United States Supremacy Clause." (ECF No 39). On March 3, 2022, Porter filed a "Motion to Dismiss the Defendant's Motion to Dismiss" (ECF No. 40) and, on March 8, 2022, Porter filed a "Memorandum" (ECF No. 41), which the Court construes as his responses to Portfolio's Motion to Dismiss. On March 14, 2022, Portfolio filed its Reply Memorandum in Support of Motion to Dismiss. (ECF No. 42).

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## **DISCUSSION**

Porter's Amended Complaint is broken into the following sections: I. "Violating the Federal Trade Commission & Fair Debt Collection Practices Act", II. "Federal Trade Commission Act", III. "Default of Validating & Verification Notices, & Hospital Bills for Stress". (ECF No. 1). Porter alleges that Portfolio violated 24 separate sections of federal statues, regulations, and codes. (Amended Complaint, pp. 1-2). Porter further claims that Portfolio is responsible for "causing the plaintiff's stress and all hospital bills for his stress." (*Id*., p. 4). Porter asks for damages in the amount of $1,756,000.00. (*Id*.)

Porter's Amended Complaint contains no factual allegations to support his bare claims of statutory and legal violations. As has been repeatedly stressed by the federal courts, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555); *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).  Given that Porter's Amended Complaint alleges no facts in support of its bare conclusions that Portfolio violated the law, the Court must dismiss this action for failure to state a claim.  *Id*.  In addition, with respect to the FTCA, the Court also dismisses this cause of action because there is no private cause of action under the FTCA. *Ventimiglia v. AT & T Yellow Pages*, 543 F. Supp. 2d 1038, 1045 (E.D. Mo. 2008); *Morrison v. Back Yard Burgers, Inc.,* 91 F.3d 1184, 1187 (8th Cir.1996).

Further, the Court holds that Porter has not provided any argument in opposition to Portfolio's Motion to Dismiss.  Porter's "Affidavit of the United States Supremacy Clause" simply provides Article VI of the Constitutional.  (ECF No. 39).  Plaintiff's Motion to Dismiss the Defendant's Motion to Dismiss (ECF No. 40) asks this Court "to dismiss the Defendant's motion to dismiss . . . [and] to grant the Plaintiff a Speedy Trial by jury and to compel the [C]ourt to make the Defendant furnish all its responses to the Plaintiff's Motion for Discovery."  (ECF No. 40 at 1).  Porter's Motion fails for several reasons.  First, a motion to dismiss is an improper response to a motion to dismiss under Rule 12(b)(6). Second, the right to a speedy trial is not applicable in a civil action.  *See United States v. McCowan*, No. 4:16-CR-00091-BCW-1, 2018 WL 3352667, at *3 (W.D. Mo. July 9, 2018) (citing U.S. Const. amend. VI) ("the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused has the right to a speedy trial"). Third, Porter does not have a pending "Motion for Discovery."

Finally, Porter's "Memorandum" includes an "Introduction", "Liability", and "Damages and Actual Damages."  (ECF No. 41).  Porter identifies several letters between the parties

4

regarding an alleged debt. Porter, however, does not identify any allegations in his Amended Complaint that would rebut Portfolio's Motion to Dismiss. To the extent that Porter is attempting to save his deficient Amended Complaint by setting forth factual allegations in this "Memorandum," the Court cannot consider those facts. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) ("those factual allegations were not included in his amended complaint and, thus, cannot be considered on a motion to dismiss"); *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (in considering a motion to dismiss, court is limited to allegations in the complaint and materials embraced by pleadings). Thus, the Court finds that Porter has not opposed Portfolio's Motion to Dismiss, and finds dismissal of the entire action under Fed. R. Civ. P. 12(b)(6) proper.

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss (ECF No. 35) is **GRANTED** with prejudice.

An appropriate Order of Dismissal is filed herewith.

Dated this 31st day of March, 2022.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Ronnie L. White*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**RONNIE L. WHITE**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**